UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
WINSTON BURGHER, JR.,

                Plaintiff,                           REPORT AND
                                                                  RECOMMENDATION
  -against-                                        21 CV 6045 (DG)(RML)

ACLARA SMART GRID SOLUTIONS
LLC, *et al.*,

                Defendants.
-----------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated December 13, 2022, the Honorable Diane Gujarati, United States District Judge, referred defendant Aclara Smart Grid Solutions LLC's motion to dismiss to me for report and recommendation. I conducted a conference with the parties on January 11, 2023. (See Transcript of Motion Hearing, dated Jan. 11, 2023 ("Tr."), Dkt. No. 16.) For the reasons stated below, I respectfully recommend that the motion be granted.

## BACKGROUND

        Plaintiff *pro se* Winston Burgher, Jr. ("plaintiff") commenced this employment discrimination case against defendant Aclara Smart Grid Solutions LLC ("defendant")[1] on October 26, 2021. (See Complaint, filed Oct. 26, 2021 ("Compl."), Dkt. No. 1.) Defendant moved to dismiss the complaint on March 31, 2022, and in compliance with a schedule set by Judge Gujarati, the motion was fully briefed as of May 20, 2022. (See Memorandum of Law in Support of Defendant's Motion to Dismiss, dated Mar. 31, 2022 ("Def.'s Mem."), Dkt. No. 8;

---

[1] The complaint also names Aclara SGS LLC as a defendant, but no party by that name has ever been served, and defendant states that no such entity exists. (See Memorandum of Law in Support of Defendant's Motion to Dismiss, dated Mar. 31, 2022, Dkt. No. 8, at 1 n.1.)

Plaintiff's Affirmation in Opposition to Defendant's Motion to Dismiss, dated May 6, 2022, Dkt. No. 13; Defendant's Reply Memorandum of Law, dated May 20, 2022, Dkt. No. 14.)

The complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 24 U.S.C. § 2000e, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.  (See Compl.)  Plaintiff, a former warehouse worker for defendant, alleges that he was subjected to discrimination based on his race, color, and age in February and December 2020 and January 21, 2021, the date he was terminated, and he seeks compensation for emotional distress he claims to have suffered as a result of harassment.  (Id. at 4, 6.)  Defendant moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (See Def.'s Mem.)

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all of the well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  See, e.g., Lynch v. City of New York, 952 F.3d 67, 74 (2d Cir. 2020).  That said, to survive a motion to dismiss, the complaint must contain more than bare legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The pleading must contain sufficient factual allegations to plausibly give rise to an entitlement to relief.  See id. at 679 (citing Twombly, 50 U.S. at 556, 570).  A claim is considered plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  The pleading must do more than "tender [ ] naked assertions devoid of factual enhancement" (id. (internal quotation marks omitted)), and must "'raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.

2007) (quoting Twombly, 550 U.S. at 555). While *pro se* complaints are held to less stringent standards than those drafted by lawyers (see Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F3d 66, 72 (2d Cir. 2009)), dismissal of a *pro se* complaint is justified when the pleading lacks sufficient factual allegations to find in the plaintiff's favor. Laroche v. Asset Acceptance Corp., No. 19 CV 6494, 2020 WL 9814101, at *2 (E.D.N.Y. Nov. 5, 2020)(citing Marvin v. Peldunas, No. 16 CV 1456, 2020 WL 5548823, at *2 (S.D.N.Y. Sept. 16, 2020)).

"Title VII [ ] requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015). "Under Iqbal and Twombly, then, in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) race, color, religion, sex, or national origin was a motivating factor in the employment decision." Id. at 86. "The facts required by Iqbal to be alleged in the complaint . . . need only give plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). "An inference of discrimination can arise from . . . the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." Id. at 312. In order to establish a prima facie case of discrimination, "a plaintiff must proffer some admissible evidence of circumstances that would be sufficient to permit an inference of discriminatory motive" and "cannot meet [its] burden through reliance on unsupported assertions." Burnett v. Oce N. Am., No. 11 CV 6894, 2014 WL 4547037, at *7 (S.D.N.Y. Sept. 11, 2014) (internal quotation marks and citations omitted). "Title VII does not establish a

'general civility code' for the American workplace," La Grande v. DeCrescente Distrib. Co., 370 F. App'x 206, 210 (2d Cir. 2010) (quoting Petrosino v. Bell Atl., 385 F.3d 210, 223 (2d Cir. 2004)), and "[t]he fact that [the] Plaintiff may be a member of a minority group and something happens to him that he does not like is not nearly sufficient" to constitute an employment discrimination claim. Buckley v. New York, No. 11 CV 5512, 2012 WL 13055736, at *14 (E.D.N.Y. Sept. 29, 2012) (quoting Vesid Organization Queens Access, No. 11 CV 3228, 2011 WL 5858157, at *2 (E.D.N.Y. Nov. 21, 2011)).

Similarly, to establish a prima facie case of age discrimination under the ADEA, plaintiff must show that (1) he was within the protected age group (at least 40 years old[2]), (2) he was qualified for the position, (3) he experienced an adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination. Lugo v. Allstate Ins. Co., No. 19 CV 7150, 2022 WL 3928727, at *8 (E.D.N.Y. Aug. 10, 2022), report and recommendation adopted in relevant part, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022) (citing Ehrbar v. Forest Hills Hosp., 131 F. Supp. 3d 5, 21 (E.D.N.Y. 2015)). "In addition, to satisfy the burden of persuasion on an ADEA claim, plaintiff must prove 'by a preponderance of the evidence, that age was the 'but-for' cause behind the employer's adverse decision, and not merely one of the motivating factors.'" Santiago v. Crown Heights Ctr. for Nursing & Rehab., No. 15 CV 4381, 2017 WL 9482107, at *13 (E.D.N.Y. Feb. 24, 2017) (quoting Hrisinko v. New York City Dep't of Educ., 369 F. App'x 232, 234 (2d Cir. 2010)). "The condition that a plaintiff's age must be the 'but for' cause of the adverse employment action is not equivalent to a requirement that age was the employer's only consideration, but rather that the adverse employment action[ ] would not have occurred without it." Delaney v. Bank of Am. Corp., 766

---

[2] Plaintiff was 42 years old at the time of his termination. (Tr. at 19.)

F.3d 163, 169 (2d Cir. 2014). As to the fourth element, "[a] plaintiff can raise an inference of age discrimination by showing that []he (1) was similarly situated to other younger employees, and (2) was treated less favorably than those employees." Ehrbar, 131 F. Supp. at 21. The other, younger employees need not be "identical" to the plaintiff, just "similarly situated in all material respects," which may vary from case to case but generally includes things such as being (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct. Id.

To establish a hostile work environment claim under Title VII or the ADEA, a plaintiff must show: "[1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Smith v. New York & Presbyterian Hosp., 440 F. Supp. 3d 303, 345 (S.D.N.Y. 2020) (citing Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002)); see also Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999) ("The analysis of the hostile working environment theory of discrimination is the same under the ADEA as it is under Title VII."). "The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [his or] her employment were thereby altered." Alfano, 294 F.3d at 374. "This test has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive." Id. "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Id. In other words, not every instance of harassment will support a claim for a hostile work environment; "whether an environment is

5

hostile or abusive can be determined only by looking at all the circumstances" including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).  Moreover, "[i]t is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII [or ADEA] only when it occurs because of an employee's [race or age], or other protected characteristic." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001).

Finally, in his complaint, plaintiff also checked the box for "Retaliation." (See Compl. at 4.)  A retaliation claim requires a showing "(1) that plaintiff participated in a protected activity, (2) that plaintiff suffered an adverse employment action, and (3) that there was a causal connection between [his] engaging in the protected activity and the adverse employment action." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010).  To establish that the activity is statutorily protected, a plaintiff need not prove the merit of the underlying discrimination complaint, but only that he or she was acting under a good faith, reasonable belief that a violation existed. See Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998).

Here, plaintiff has pleaded no facts that raise the likelihood of his claims beyond a speculative level.  Indeed, the complaint is completely devoid of any factual allegations, other than the conclusory and vague assertions that defendant discriminated against plaintiff on the basis of his race, color, and age, and that plaintiff suffered emotional distress due to harassment on the job. (See Compl. at 5, 6.)

6

A court "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (internal quotation marks omitted).

Plaintiff has not requested leave to amend his complaint. Nevertheless, at the conference before me on January 11, 2023, I asked plaintiff to describe his factual allegations in more detail. He stated that he was subjected to "constant harassment on the job" from one manager in particular. When asked whether he was claiming "that the harassment and discrimination was on the basis of age or race or national origin," plaintiff replied:

> I would probably say—I'm not going to say he's racist because I'm not going to do the race card. I would say he has racial tendencies. If you're not — if you—especially if you have an opinion, you hold that opinion if you're opinionated. I would say that. But I think it's more. It's based on—I don't want to draw, I don't want to do the race card. I would say maybe age. It has a lot to do with like that.

(Tr. at 9.) Pressed further to state whether he believed the alleged harassment was based on his membership in a protected category, plaintiff stated:

> I would say -- well, to be honest, because I'm not going to come and say that he has done anything to me that has to do with like being racist, but there is certain racial tendencies. And I know age plays a role where I am concerned. I'm not going to say -- he doesn't know my religion apart from I had like dreads in my hair. I don't think he has anything against that. But there's a like a certain kind of way that he goes about when it has to do with certain people within, that was a part of the work force. I can't even speak for anybody. I'll speak like for myself, what I've experienced.

(Id. at 10.)

When asked if he went to his union, plaintiff responded that he did complain to his union and to human resources, neither of which took any action. (Id. at 11.) However, he did not contend that he complained about discrimination specifically, or that there was a causal connection between his complaints and the adverse employment actions he experienced.

These statements, even accepted as true, do not state a claim under Title VII or the ADEA. Plaintiff does not allege any facts that would create an inference that any adverse employment action taken by defendant was based on a protected characteristic or activity. Because plaintiff has not alleged sufficient facts to allow the court to draw the reasonable inference that defendant acted with discriminatory intent, I respectfully recommend that the complaint be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, I respectfully recommend that defendant's motion be granted and that the complaint be dismissed. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       February 13, 2023